UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 06- 349 |
| v. | : |
| DOUG MAIRENA, | : |
| Defendant. | : |

**FILED**

JAN 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Doug Mairena agrees and stipulates as follows:

From sometime in 2003 to at least November 2005, the defendant Doug Mairena embezzled approximately $377,000 from the Federation of American Hospitals ("FAH"). FAH is an association made up of private or investor-owned hospitals throughout the United States. Members of FAH include general community and teaching hospitals in urban and rural areas as well as rehabilitation, long-term acute care, cancer, and psychiatric hospitals. FAH acts as a spokesperson and representative of its members to the federal government's legislative and executive branches and advocates for or against legislation and policies which affects the health care industry and its members. FAH has been in existence since the mid 1960's, and at least during the period of the embezzlement, it was located at 801 Pennsylvania Avenue, N.W., Washington, D.C. and it operated in and its activities affected interstate commerce.

Throughout the period of the embezzlement, the defendant was employed as FAH's Controller. As such, the defendant's responsibilities at FAH included: running the day to day financial operations of FAH; charting expenses against the overall budget; maintaining FAH's books and records. As part of the daily operations, Mr. Mairena would receive a vendor invoice, prepare a voucher check to pay the invoice through FAH's computer system, attach the invoice,

supporting documents, and checks in a packet of material, and present the packet to the appropriate FAH personnel for authorization and signature. If the voucher check was in an amount less than $2,000, then only one signature would be required.

Starting in 2003 and continuing through 2005, the defendant engaged in a scheme to create two checks to pay the same vendor invoice. First, the defendant prepared a check to pay a legitimate vendor invoice. After the Chief Financial Officer or some other authorized signator signed the voucher checks, the defendant would send this check to the vendor, and then would prepare a second, fraudulent, check to pay the same vendor invoice. Again, the defendant would present the check to a member of the executive staff to be signed. After signature, the defendant would alter this second voucher check by inserting the check back into an erasable typewriter, backing out the vendor name, inserting his own name; at times, the defendant would also alter the amount of the check. The defendant would then either deposit the check into his bank account or negotiate the check for cash. Through this scheme, the defendant obtained $328,960 of FAH funds, which he was not entitled to receive.

Sometime in 2003, the Chief Financial Officer's executive assistant learned that the defendant often submitted two checks for the same expense. The executive assistant raised this issue with the defendant, who told the executive assistant that he (the defendant) submitted two checks to pay for the same expense, with one check sent to the legitimate vendor and the other check altered and used for the defendant's own benefit. After learning of the scheme, the executive assistant helped the defendant by: one, by not informing the Chief Financial Officer or anyone else at FAH about what he saw and learned; and two, by handing voucher checks to the Chief Financial Officer to be signed. Thereafter, the defendant and the executive assistant

together were involved in the scheme and the executive assistant obtained $48,069 by way of multiple falsely altered FAH checks.

In sum, from sometime in 2003 to at least November 2005, Mr. Mairena, with the intent to deceive, made, possessed, and uttered forged (that is, falsely altered) checks belonging to FAH, an organization which operates in, and whose activities affect interstate commerce.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 1/10/2007

Doug Mairena
Defendant

I have discussed this Statement of Offense with my client, Mr. Mairena. I concur with his decision to stipulate to this Statement of Offense.

Date: 1/10/07

Leslie McAdoo, Esquire
Attorney for the Defendant