UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal No. 1:06-CR-349 |
| DOUGLAS MAIRENA, | : |
| Defendant | : |

DEFENDANT'S MOTION TO STRIKE GOVERNMENT'S
REVISED OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Comes now Defendant Douglas Mairena, pursuant to Fed. R. Crim. P. 32(b)(2) and (f)(1), and moves this Honorable Court to strike the Government's "revised" objections to Mr. Mairena's Presentence Investigation Report (PSR). As grounds, Mr. Mairena states that:

1.      The PSR in the above-entitled case was disclosed on March 5, 2007. The accompanying "Notice of Obligation of Those Executing this Form" states that "Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by March 19, 2007, to U.S. Probation Officer Sherry Brandon . . ."

2.      The Government filed its initial response to the PSR on March 16, 2007.  In its initial response, the Government stated in part that it had "no material obligations to the presentence report . . ." although it noted that it was investigating the underlying facts with regard to paragraph 93 of the PSR which concerns whether the basis for a downward departure exists due to voluntary disclosure of

the offense by the defendant.

3. The initial PSR does <u>not</u> include a proposed two level enhancement under Guideline Section 3B1.3 for Abuse of a Position of Trust.

4. The Government did not raise any objection to the omission of an enhancement under Guideline Section 3B1.3 for Abuse of a Position of Trust in the PSR.

5. In the plea agreement, the parties left open the possibility that enhancements or departures other than those identified in the plea agreement could be sought by either party. During the plea negotiations, the United States advised the defense that it was considering whether it would seek enhancement under 3B1.3, but that it was not inclined to do so based on its assessment of the case and its research.

6. Based on these representations, the defense understood that the United States was not precluded from seeking an enhancement under section 3B1.3, but fully expected that the United States would comply with the procedures in Rule 32 if it chose to seek the enhancement.

7. In communicating its "revised" objection to the defense, the United States advised that it was submitting the revised objection because "upon further review of the facts," it had concluded that an enhancement under Section 3B1.3 should be sought. The United States is evidently not relying on any new facts, but simply has changed its mind about whether it wants to seek the enhancement.

8. However, on March 29, 2007, the Government submitted a "revised"

objection to the PSR, ten days after the Rule 32(f)(1) deadline of March 19, 2007, asking the Probation Officer to include an enhancement for Abuse of a Position of Trust under Guideline Section 3B1.3.

9.  Fed. R. Crim. P. 32(b)(2) states that "[t]he court may, for good cause, change any time limits prescribed in this rule." Fed. R. Crim. P. 32(i)(1)(D) further states that "[a]t sentencing, the court . . . may, for good cause, allow a party to make a new objection at any time before sentence is imposed." The Government has failed to establish good cause for its untimely objection. Indeed, it has failed to present any justification whatsoever for the untimely objection as it did not seek the permission of the court to change the time limits under Rule 32, or present an additional objection to the PSR.

Based on the Government's failure to seek an extension of the time limits established by Rule 32 or to establish any "good cause" justifying its untimely objection to Mr. Mairena's PSR, the defendant moves this Honorable Court to strike the Government's untimely objection.

In support of this motion, Douglas Mairena also hereby incorporates the appended Memorandum of Law.

Respectfully submitted,

<u>  s/Leslie McAdoo                    </u>
Leslie McAdoo
Leslie McAdoo, Chartered
1140 19th Street, N.W., Suite 602
Washington, D.C. 20036
Tel. (202) 293-0534
Fax. (202) 318-3005

Counsel for Douglas Mairena

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of April 2007, a copy of the foregoing Defendant's Motion to Strike Government's Revised Objections to Presentence Investigation Report was served electronically on:

>   Virginia Cheatham
>   Assistant United States Attorney
>   555 4th St., NW
>   Washington, DC 20530


                        ____s/Leslie McAdoo_____

                        Leslie McAdoo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal No. 1:06-CR-349 |
| DOUGLAS MAIRENA, | : |
| Defendant | : |

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE GOVERNMENT'S REVISED OBJECTIONS
TO PRESENTENCE INVESTIGATION REPORT

Fed. R. Crim. P. 32(f)(1) states that: "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained or omitted from the report." The purpose of this rule is to allow the probation officer time to "investigate and address the objections prior to the sentencing hearing." *United States v. Albright*, 115 F.Supp.2d 1271, 1274 (D.K.S. 2000) (citing *United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995)). The District Court for the District of Rhode Island has further elaborated on the importance of this rule stating that:

> The 14-day limit is more than a mere technicality. It is designed to ensure that the sentencing process is fair, efficient and expeditious. If defendants or prosecutors are allowed to ignore this requirement and wait until the day of sentencing to raise objections, the sentencing court would be forced to choose between two equally unpalatable alternatives. It could proceed with the sentencing as scheduled, thereby depriving the opposing party of an adequate opportunity to counter the objection, and rendering a decision made without benefit of all of the relevant facts

and/or the applicable law. Alternatively, the court could postpone the sentencing in order to afford the opposing the party an opportunity to respond, thereby delaying the proceeding, squandering judicial resources, and interfering with the efficient administration of justice.

*United States v. Hne*, 103 F.Supp.2d 483, 485 (D.R.I. 2000). Thus, the 14-day time limit is far more than an arbitrary deadline with no actual significance.

Rule 32(f)(1)'s time limit is not completely inflexible. Fed. R. Crim. P. 32(b)(2) and 32(i)(1)(D) allow the court to change time limits "for good cause." Although "good cause" is not defined by the rule, courts have interpreted its meaning within the context of Rule 32.  Thus, "good cause" can be found where there is "a valid reason for the delay or a showing that the matter being challenged would result in the defendant receiving a sentence that is 'is simply wrong, with no basis in fact.'" *Hne*, 103 F.Supp.2d at 485 (quoting *United States v. Young*, 1996 U.S. Dist. LEXIS 18958, No. CR. 95-851, 1996 WL 737197, at *2 (S.D.N.Y. Dec. 24, 1996)). "Good cause" has also been interpreted to require "either [a] showing [that] a diligent party has a good faith reason for the delay that constitutes more than a simple mistake or neglect **or** [a] showing [that] the untimely objection raises substantial factual or legal issues going to the basic fairness or validity of the PSR's sentencing findings and determinations." *United States v. Albright*, 115 F.Supp.2d 1271, 1275 (D.K.S. 2000).

Where the party filing an untimely objection to the PSR provides no reason for failing to meet the requirements of Fed. R. Crim. P. 32(f)(1), the trial court does not abuse its discretion by failing to rule on it. *See, United States v. Eastteam*, 426

F.3d 1301, 1303 (10th Cir. 2005) ("Because Defendant failed to establish good cause for his failure to timely object, the district court did not abuse its discretion in denying his application to file a motion out of time."); *United States v. Wheeler*, 322 F.3d 823, 827 (5th Cir. 2003) ("In the absence of any showing of good cause, the district court clearly acted within its discretion in finding Wheeler's objection untimely"); *United States v. Hardwell*, 80 F.3d 1471, 1500 (10th Cir. 1996) (upholding district court's refusal to hear the government's untimely objection that the PSR omitted additional drugs from the relevant conduct determination); *United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995); *see also, United States v. Young*, 140 F.3d 453, 457 (2nd Cir. 1998) (observing in dicta that a district court can reject untimely PSR objections).

In the case at hand, Mr. Mairena's PSR was disclosed on March 5, 2007. Pursuant to Rule 32(f), the parties were given 14 days, until March 19, 2007, to submit any material inaccuracies or disputes to U.S. Probation Officer Sherry Brandon. The Government filed its intial response on March 16, 2007. This response indicated that the Government had no material objections to the PSR. Ten days later, on March 29, 2007, the Government filed a "revised" response indicating that it did have a material objection. This revised response included a proposed two level enhancement for Abuse of a Position of Trust under Guideline Section 3B1.3.

In its March 29, 2007 filing, the Government did not indicate why it was filing a "revised" objection untimely. By failing to account for its untimeliness, the

3

Government clearly fell short of its obligation under Fed. R. Crim. P. 32(b)(2) and 32(i)(1)(D) to justify the untimeliness with good cause.

The government has also failed to provide a "good cause" justification for the revised objection because it has none. No new material information has come to light since then regarding the facts of the case. (If it has it has not been disclosed to the defense.) Rather, apparently, the Government's revised response is the product of a change in its litigation position. That is not a "good cause" justification for an untimely objection.

Because the Government has failed to justify the tardiness of its revised response with any reason, much less a "good cause" justification, this Court should decline to rule on the merits of its newly raised objection.

Therefore, Douglas Mairena respectfully requests this Honorable Court to strike the Government's March 29, 2007, "revised" objection to this PSR as being untimely and without good cause justification.

                                  Respectfully submitted,

                                  _____s/Leslie McAdoo_____
                                  Leslie McAdoo,
                                  Leslie McAdoo, Chartered
                                  1140 19th Street, N.W., Suite 602
                                  Washington, D.C. 20036
                                  Tel. (202) 293-0534
                                  Fax. (202) 318-3005

                                  Counsel for Douglas Mairena