UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-349 (JDB) |
| : | |
| v. : | |
| : | |
| DOUG MAIRENA, : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION
TO STRIKE GOVERNMENT'S OBJECTIONS TO THE PSR**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the defendant's motion to strike the government's revised objections to the Probation Office's Presentence Investigative Report.

**ARGUMENT**

In its plea agreement, the parties left open the possibility of each side seeking additional enhancements or reductions under the Federal Sentencing Guidelines. *See* Plea Agreement, filed January 10, 2007 at paragraph 3 A.[1]  During plea negotiations, the parties discussed various adjustments, including increases for "aggravating role in the offense" and "abuse of position of trust."  The government considered advocating for an "aggravating role" adjustment because this defendant, as Controller, worked with an administrative assistant at the victim organization (Federation of American Hospitals, or FAH) to commit the embezzlement.  Indeed, the administrative assistant, Mark Freeman, pleaded guilty to conspiring with this defendant to commit the crime of forged securities.  Ultimately, the government chose not to pursue this enhancement.

The government had not intended to seek any revisions to the Presentence Investigative Report until researching an issue raised by the defense.  The evidence for the "abuse of position of

---

[1] After reciting the agreed-upon adjustments, the plea agreement states, "[t]he parties reserve their rights to argue for other enhancements and departures." Paragraph 3 A.

trust" enhancement became apparent when government counsel began responding to the "voluntary disclosure" departure requested by the defense in its March 19, 2007 letter to the Probation Officer. In putting together a time line of embezzlements and disclosures, government counsel came upon the fact that virtually all of the embezzlement occurred outside the months of January and December. Further investigation revealed that historically, the auditors had only requested bank statements for those two months, January and December. FAH then informed the government of the close relationship between the auditors and the defendant, and the fact that it was this defendant, as Controller, who had written the financial procedures and policies which governed FAH. This defendant expected the auditors to look at the months of January and December and therefore, suspended his embezzlement scheme during those months.

    Government counsel reviewed each of the fraudulent checks (as well as those labeled "potentially fraudulent") with a listing of the checks by check numbers. (The government provided the defense with this material). The check list includes the check numbers but not the check dates or the negotiated dates. It was only after this check by check analysis that it become absolutely apparent that the defendant greatly curtailed his embezzlement during January and December so as to avoid detection by the auditors. Only then did the evidence unmistakably dictate an upward adjustment for the defendant's position in FAH, and his abuse of this position which allowed him to hide his embezzlement not only from FAH but also from the auditors.

    The government sent its revised objections to the Presentence Investigative Report on March 29, 2007 to both the Probation Officer and to the defense, following up with an extensive written explanation on March 30, 2007. The sentencing hearing in this case is scheduled for April 16, 2007,

or 18 days (2½ weeks) from the government's revised objections. Therefore, the defense and the Probation Office has had amble time to consider the government's position and act accordingly.

## CONCLUSION

The government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar No. 411980
Fraud/Public Corruption
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
(202) 514-9732

### CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_ day of April, 2007, that a copy of the foregoing opposition was served via ECF to Leslie McAdoo, Esq., Counsel for the defendant.

_____/s/_____
VIRGINIA CHEATHAM
Assistant U.S. Attorney