HONORABLE JOHN D. BATES, UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-06-349-01</u> |
| | : | |
| vs. | : | |
| | : | |
| MAIRENA, Doug | : | Disclosure Date: <u>March 5, 2007</u> |

APR **1 6** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the
Presentence Investigation Report (PSR) in the above-entitled case.  The undersigned
further acknowledges that:

### For the Government
(CHECK APPROPRIATE BOX)
( )    There are no material/factual inaccuracies therein.
( )    There are material/factual inaccuracies in the PSI report as set forth in the
attachment herein.

_____                              _____
**Prosecuting Attorney**                                                      **Date**

### For the Defendant
(CHECK APPROPRIATE BOX)
( )    There are no material/factual inaccuracies therein.
(X)    There are material/factual inaccuracies in the PSI report as set forth in the
attachment.

| | | | |
|---|---|---|---|
| _Doug D. M_ | 3/16/2007 | _Leslie McElroy_ | 3/16/07 |
| **Defendant** | **Date** | **Defense Counsel** | **Date** |
| _Doug D. M_ | 4/16/2007 | _Leslie McElroy_ | 4/16/07 |

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material
inaccuracies or disputes in writing by <u>March 19, 2007</u>, to U.S. Probation Officer <u>Sherry
Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of
the Attorney for the Government and the Defense Counsel to provide each other with a
copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

**By:**    Gennine A. Hagar, Chief
United States Probation Officer

**Receipt and Acknowledgment**                                    **Page 2**

Please see enclosed letter from counsel.

Signed by:  _Douglas D. M_____
(Defendant/Defense Attorney/AUSA)

Date:  3/16/2007

**Receipt and Acknowledgment**                                    **Page 2**

Please see enclosed letter objections.

Signed by: _____
(**Defendant/Defense Attorney/AUSA**)

Date: _____3/16/07_____

*Law Offices*

## Leslie McAdoo, Chartered

1140 19th Street, N.W.
Suite 602
Washington, DC 20036

Leslie McAdoo
leslie.mcadoo@mcadoolaw.com
www.mcadoolaw.com

Maryland
District of Columbia
Virginia

Phone: 202.293.0534
Fax: 202.318.3005

✓ *criminal defense*          ✓ *security clearance cases*
✓ *corporate compliance*      ✓ *civil litigation*

March 19, 2007

## VIA FACSIMILE and HAND DELIVERY

Ms. Sherry Brandon
U.S. Probation Officer
Probation & Pretrial Service
E. Barrett Prettyman U. S. Courthouse
333 Constitution Avenue, N.W.
Room 2800
Washington, DC  20001

> Re:     *U.S. v. Mairena*, No. CR-06-349-01
> Sentencing date: April 10, 2007

Dear Ms. Brandon:

Please accept this letter as constituting my objections to the
Presentence Investigation Report ("PSR") filed in Mr. Mairena's case.
Enclosed also are the acknowledgement pages for your office, signed by Mr.
Mairena and myself.

My objections focus on three issues: (1) a downward departure
pursuant to Guideline 5K2.16 for Voluntary Disclosure of Offense; (2) a
downward departure for extraordinary acceptance of responsibility; and (3)
the propriety and reasonableness of the "restitution" requested by FAH and
St. Paul Travelers.  Before explaining my objections, let me say that I have
greatly appreciated your assistance and courtesy in responding to my
concerns on Mr. Mairena's behalf.  It has been a pleasure to work with you on
this matter.

Sherry Brandon
March 19, 2007
Page 2

I first have two minor objections that are in the nature of corrections of
typographical errors. The amount of "$225,000" listed in the second sentence
of paragraph 14 appears to be an error; it probably should read "$255,000."
The second error is in the fourth sentence of paragraph 35, in which Mr.
Mairena's sister's first name, which should be spelled "Maria," is incorrectly
spelled "Maira." I turn now to the three substantive objections laid out
above.

*Downward Departure for Voluntary Disclosure of Offense (paragraph
93)*

As we have discussed, I believe that Mr. Mairena should receive the
benefit of a downward departure from the guideline range based on his
voluntary disclosure of his conduct.

We object to paragraph 93 of the PSR to the extent that FAH is
claiming it had prior knowledge of Mr. Mairena's conduct. On Mr. Mairena's
behalf and at his direction, I disclosed his actions to FAH on February 22,
2006 in a meeting with Jeff Micklos, FAH's in house general counsel. At that
meeting, I specifically asked Mr. Micklos if FAH had become aware of Mr.
Mairena's conduct and he said that he had no knowledge of it (My notes of
the meeting reflect this). Because Mr. Micklos is now claiming that FAH
discovered the conduct internally, I have contacted the U.S. Attorney's office
to request any documentation that shows that FAH knew about
Mr. Mairena's conduct prior to our disclosure on February 22, 2006. We
believe that FAH had not commenced <u>any</u> investigation into the matter
before that date, and that it further had not developed <u>any</u> reason to suspect
that Mr. Mairena had engaged in any wrongdoing prior to that date. The
government, which was not notified of the situation until after Mr. Mairena's
disclosure, was certainly unaware of his conduct before February 22, 2006.
Ms. Cheatham, the AUSA in this matter, is investigating the facts of this
issue and has advised me she will contact me about it after her investigation.

*Downward Departure for Extraordinary Acceptance of Responsibility*

I also ask that your report recommend that Mr. Mairena be given the
benefit of a downward departure based on "extraordinary acceptance of
responsibility" in this case, that is, acceptance beyond that which is
contemplated by the Sentencing Guidelines. Mr. Mairena not only came
forward and made a voluntary disclosure of his wrongdoing, but made every
effort to fully account for all funds misappropriated, and expressed his

Sherry Brandon
March 19, 2007
Page 3

willingness to begin making restitution arrangements at the time of disclosure.

The D.C. Circuit has recognized that a downward departure for extraordinary acceptance of responsibility is allowed. *See United States v. Tucker*, 386 F.3d 273 (D.C. Cir. 2004). As the court in *United States v Milne*, 384 F. Supp 2d 1309 (ED Wis. 2005) noted:

> Where appropriate, courts may grant additional consideration to defendants who demonstrate acceptance beyond that necessary to obtain a two or three level reduction under §3E1.1. This is so because such conduct bears directly on their character, § 3553(a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, §3553(a)(2). Further, courts should encourage offenders to mitigate their misconduct voluntarily, whether by admitting it, paying restitution or making efforts to address substance abuse, mental health or other problems that contributed to it.

*Restitution (paragraphs 13, 14, 15, 16 and 91)*

We object to the paragraphs relating to restitution for the following reasons. First, St. Paul Travelers is not a "victim" as defined under 18 U.S.C. § 3663 (a)(2), and therefore cannot ask for any restitution in this matter. Whatever subrogation or other contracted rights it may have to recover restitution monies paid to FAH are a matter of civil contract rights, not restitution. Thus any restitution owed must be ordered to be paid to FAH only.

Second, we object to the request by FAH for "restitution" covering investigative costs. A victims' costs incurred to investigate an offense separate for its participation in the investigation conducted by the government are not losses for which a court may order restitution under 18 U.S.C. § 3663 (b)(4). *See e.g. United States v. Schinnell*, 80 F.3d 1064, 1070-71 (5th Cir. 1996) (disallowing order for restitution of costs incurred reconstructing bank statements in fraud scheme).

Third, even if it were proper to order Mr. Mairena to reimburse the victim's investigation costs, FAH is seeking an unreasonably high amount ($114,000) for these costs. I have asked for documentation from the government to substantiate the claim that FAH has incurred expenses in this amount and will be making specific objections to the amounts claimed once I have reviewed the documents. However, even in the absence of

3

Sherry Brandon
March 19, 2007
Page 4

substantiating documentation, the amount is on its face unreasonably high. FAH claims to have expended $114,000 in order to verify a loss of $377,000. This level of expenditure in investigation makes little sense, and becomes particularly unreasonable in light of the fact that Mr. Mairena came forward voluntarily to disclose his wrongdoing, and would have been able, had FAH so desired, to assist in efficiently categorizing the nature and extent of the transactions. We in fact offered to do so, but FAH declined our assistance. Given that FAH had Mr. Mairena's knowledge and assistance at its disposal, it is simply unreasonable that it made expenditures of $114,000 to investigate this case. The figure should be adjusted downward to a reasonable level—if it can be awarded at all. (I recognize that FAH is seeking only $54,000 from Mr. Mairena directly, with the remaining $54,000 being sought from Mr. Freeman. It is the total amount, rather than the allocation between Mr. Mairena and Mr. Freeman that we are contesting.)

Thank you in advance for your consideration of these issues and I look forward to talking with you soon. (Copies of the cases I have referenced are enclosed for your convenience.) Please don't hesitate to contact me if you have any questions.

Sincerely,

Leslie McAdoo

CC:    Virginia Cheatham, Esq. (via facsimile; w/o enclosures)

Enclosures

4